IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>YASUHIRO HIRAYAMA,　　(01)<br><br>　　　　　Defendant. | CR. NO. 16-00749 JMS-RT<br><br>ORDER DENYING CHIKAKO OTSUKA'S APPEAL, ECF NO. 142, AND AFFIRMING AS MODIFIED THE ORDER DENYING WOULD-BE CLAIMANT CHIKAKO OTSUKA'S MOTION TO INTERVENE, ECF NO. 141 |

**ORDER DENYING CHIKAKO OTSUKA'S APPEAL, ECF NO. 142, AND AFFIRMING AS MODIFIED THE ORDER DENYING WOULD-BE CLAIMANT CHIKAKO OTSUKA'S MOTION TO INTERVENE, ECF NO. 141**

## I. INTRODUCTION

Chikako Otsuka ("Otsuka") appeals Magistrate Judge Rom Trader's "Order Denying Would-Be Claimant Chikako Otsuka's Motion to Intervene" (the "October 30 Order," ECF No. 141). ECF No. 142. For the reasons discussed below, the court DENIES the appeal and AFFIRMS the October 30 Order as modified.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1) and Criminal Local Rule 57.3(b), a party may appeal to a district judge any pretrial non-dispositive matter determined by a magistrate judge. Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge's order

may be reversed by the district court only if it is "clearly erroneous or contrary to law."  "Pretrial orders of a magistrate under 636(b)(1)(A) are reviewable under the 'clearly erroneous and contrary to law' standard; they are not subject to *de novo* determination.  The reviewing court may not simply substitute its judgment for that of the deciding court."  *Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991) (quotation marks and citation omitted).

The threshold of the "clearly erroneous" test is high.  *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) ("A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."); *Balen v. Holland Am. Line Inc.*, 583 F.3d 647, 655 (9th Cir. 2009) ("Review under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed.") (quotation marks and citation omitted).  And a "decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard."  *Scalia v. Saakvitne*, 2020 WL 7233342, at *5 (D. Haw. Dec. 8, 2020) (quotation marks and citations omitted); *accord United States v. Desage*, 229 F. Supp. 3d 1209, 1213 (D. Nev. 2017) ("An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.") (quotation marks and citation omitted).

## III.  <u>BACKGROUND</u>

The following facts are undisputed.[1]  Pursuant to a July 25, 2014 agreement executed by Defendant Yasuhiro Hirayama ("Hirayama"); Kona Lani Farms, LLC; and Otsuka, title to real property on the Island of Hawaii known as Kona Lani Farm was conveyed to Otsuka from Kona Lani Farms, LLC.  *See* ECF No. 129-6 at PageID ## 849-50; *see also* ECF Nos. 129-2, -3, -4; ECF No. 130 at PageID ## 865, 868.  On October 23, 2014, Koyo USA Corp. ("Koyo") recorded a *lis pendens* against Kona Lani Farm in connection with a separate state-court action.  *See* ECF No. 130-5 at PageID # 919.

On December 1, 2016, Hirayama and three others were indicted in this court.  ECF No. 1.  On May 10, 2018, the grand jury returned a Superseding Indictment that included notice that upon conviction of counts charging wire fraud, money laundering, and conspiracy to commit wire fraud and money laundering, the Government would seek forfeiture of property traceable to those offenses including all "right, title, and interest" in Kona Lani Farm.  ECF No. 34 at PageID ## 153-54, 156.  On October 22, 2018, the Government filed a notice of *lis pendens* against Hirayama's interests in Kona Lani Farm.  ECF No. 84.

---

[1] The October 30 Order includes a discussion of disputed facts and allegations characterized as background information.  For purposes of this appeal, the court considers only those facts that are undisputed and necessary to the court's determination.  And to be clear, neither the October 30 Order nor this Order should be construed as making any determination of any disputed facts.

Hirayama is the sole remaining defendant in this action.  *See* ECF Nos. 112, 114, 115 (dismissing the other three defendants after they were charged and sentenced in separate actions).  Hirayama was a fugitive until very recently, and is currently outside of this court's jurisdiction, thereby delaying and possibly preventing adjudication of the charges against him.  *See* ECF No. 144 at PageID # 1148 ("Since Magistrate Judge Trader ruled, defendant Hirayama has been arrested in Japan pursuant to the United States' request for his extradition.").

On August 14, 2020, Otsuka moved to intervene in order to file a motion to set aside the Government's *lis pendens*, or alternatively, to have the court conduct a hearing pursuant to Federal Rule of Civil Procedure 65[2] "to determine whether a . . . *lis pendens* is appropriate to protect the United States' interest."  ECF No. 129 at PageID # 825.  On October 30, 2020, Magistrate Judge Trader denied Otsuka's motion.  ECF No. 141.  The October 30 Order determined

///

///

///

_____

[2] Rule 65(a)(1)-(2) requires "notice to the adverse party" and a "hearing on a motion for a preliminary injunction" before an order may be issued.  And although Rule 65 authorizes a court, under limited circumstances, to issue a temporary restraining order ex parte, such order is of limited duration, a hearing on the motion for preliminary injunction must be set "at the earliest possible time," and a motion to dissolve or modify the order must be heard "promptly."  Fed. R. Civ. P. 65(b)(1)-(4).

that under the statutory scheme set forth in 21 U.S.C. §§ 853(k),[3] (n)[4] and Federal

Rule of Criminal Procedure 32.2,[5] "third parties like Otsuka may not intervene in a

criminal action to protect their interests, if any, in property . . . subject to forfeiture,

except by filing a claim *after* a preliminary order of forfeiture is entered."  ECF

No. 141 at PageID # 1118.  The October 30 Order found that neither *United States*

*v. Crozier*, 777 F.2d 1376 (9th Cir. 1985),[6] nor Federal Rule of Civil Procedure 65

---

[3] Section § 853(k) bars intervention:

> Except as provided in subsection (n), no party claiming an interest in property subject to forfeiture under this section may—
>> (1) intervene in a trial or appeal of a criminal case involving the forfeiture of such property under this section; or
>> (2) commence an action at law or equity against the United States concerning the validity of his alleged interest in the property subsequent to the filing of an indictment or information alleging that the property is subject to forfeiture under this section.

[4] Section § 853(n)(1)-(2) provides, in part, that "[f]ollowing the entry of an order of forfeiture . . . [a]ny person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States" may "petition the court for a hearing to adjudicate the validity of his alleged interest in the property."

[5] Rule 32.2(b)(2)(A) provides, in part, that upon finding property subject to criminal forfeiture, the court must "enter a preliminary order of forfeiture . . . without regard to any third party's interest in the property.  Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c)."  In turn, Rule 32.2(c) provides, in part, that "[i]f, as prescribed by [§ 853(n)], a third party files a petition asserting an interest in the property to be forfeited, the court must conduct an ancillary proceeding."

[6] *Crozier* held that under 21 U.S.C. §§ 853(e) and (n), the due process rights of defendants and third parties were infringed because the statutory scheme failed to provide a hearing on an ex parte order restraining assets subject to forfeiture (authorized under § 853(e)) and precluded a defendant and third parties from challenging the restraining order unless and until the defendant was convicted (in accordance with § 853(n)).  *See* 777 F.2d at 1384.  *Crozier* further held that because the statute lacked procedural guidelines, Federal Rule of Civil

(continued . . . )

(governing injunctions and restraining orders) applies to the *lis pendens* in this case.  ECF No. 141 at PageID # 1120.  And applying the framework set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976), the October 30 Order further determined that Otsuka's Fifth Amendment due process rights have not been infringed by the Government's ex parte notice of *lis pendens*.  *Id.* at PageID ## 1123-31.  For these reasons, the October 30 Order denied Otsuka's Motion to Intervene.  *Id.* at PageID # 1131.

On November 13, 2020, Otsuka appealed the October 30 Order to this court, ECF No. 142, and on November 30, 2020, the Government filed its Opposition, ECF No. 144.  For the reasons discussed below, this court DENIES Otsuka's Appeal and AFFIRMS the October 30 Order as modified.

## IV.  <u>DISCUSSION</u>

Otsuka contends that the October 30 Order "fundamentally misapprehends the nature of [her] motion."  ECF No. 142-1 at PageID # 1135.  Otsuka argues that her "Fifth Amendment due process rights have been infringed" not by the *filing* of a notice of *lis pendens*, but "by the *inordinate delay* between the [Government's] filing and recording of a *lis pendens* on her property in 2018

---

Procedure 65 applied, requiring the court to hold a hearing promptly after a restraining order is granted to determine whether probable cause exists to issue a preliminary injunction.  *Id.*

and an ancillary hearing in this criminal case which may never occur" due to the need to extradite Hirayama before his prosecution can proceed. *Id.* at PageID ## 1135, 1137 (emphasis added). Otsuka further contends that she "is not seeking to intervene . . . in . . . Hirayama's prosecution or to litigate the merits of the criminal forfeiture of Kona Lani Farm." *Id.* at PageID ## 1135-36. Rather, she is seeking "the opportunity to contest the post-indictment, pre-trial restraint placed on her property." *Id.* at PageID # 1136. Otsuka argues that *Crozier* "allows third-parties to challenge the terms of a restraining order without violating the prohibitions contained in 21 U.S.C. § 853(k)," and therefore, "the Court should hold a hearing pursuant to Rule 65" requiring the Government to "establish probable cause to proceed with the criminal forfeiture." *Id.* at PageID ## 1137-38. The court addresses these arguments below.

## A.      Statutory Bar on Intervention and the Due Process Exception

The October 30 Order explains, and Otsuka concedes, that the statutory scheme set forth in 21 U.S.C. §§ 853(k), (n), and Federal Rule of Criminal Procedure 32.2 generally bars third parties from "interven[ing] in a criminal action to protect their interests, if any, in property the government alleges is subject to forfeiture, except by filing a claim *after* a preliminary order of forfeiture is entered." ECF No. 141 at PageID #1118; *see* ECF No. 142-1 at PageID # 1136 ("[U]nder 21 U.S.C. § 853(n) an ancillary proceeding is the sole

7

remedy afforded a third-party claimant to contest the criminal forfeiture. . . . [A]n ancillary proceeding does not take place until after the defendant whose property is subject to forfeiture is convicted.").

        *Crozier* and other courts, however, have recognized an exception to this statutory bar when the delay—between the imposition of an *order* restraining property subject to forfeiture and the trial or conclusion of criminal proceedings— would deprive those with a thirdparty interest in such property of their due process right to have a meaningful hearing at a meaningful time. *See, e.g.*, *Crozier*, 777 F.2d at 1383-84 ("[A] hearing for parties with a third party interest which takes place months or years after a restraining order is issued . . . cannot be construed as a hearing provided at a meaningful time.") (quotation marks omitted); *United States v. Holy Land*, 493 F.3d 469, 475 (5th Cir. 2007) ("In some cases . . . due process will require that the district court . . . promptly hold a hearing at which the property owner can contest the restraining order, without waiting until trial to do so."); *United States v. Bohn*, 2011 WL 4708799, at *6-8 (W.D. Tenn. June 27, 2011) (collecting cases) (holding that the indefinite delay caused by the defendants' fugitive status triggered the due process exception to statutory bar of claimants' motions challenging restraining order imposed eleven years earlier); *United States v. Petters*, 2009 WL 1794799, at *3 (D. Minn. June 23, 2009) ("An exception to the bar under 21 U.S.C. § 853(k) exists, however, where a restraining

order has been placed on a defendant's assets prior to trial, and a third party claims an interest in property which is subject to the restraining order.") (citing *United States v. Waterboro*, 64 F.3d 752, 755-56 (1st Cir. 1995)) (other citation omitted); *cf. United States v. Lazarenko*, 476 F.3d 642, 651 (9th Cir. 2007) (finding the sixteen-month period following seizure of property pursuant to § 853(f) insufficient to implicate due process concerns but recognizing that "an inordinate delay" beyond that time "could deprive constitutional rights to prompt due process notice and hearing").

Because *Crozier* specifically addressed due process for court-ordered restraining orders or injunctions, the October 30 Order correctly determined that neither the *Crozier* exception to the statutory bar nor Federal Rule of Civil Procedure 65 applies to the facts of this case.  But even if the *Crozier* due process exception did apply to a *lis pendens* (which is not a "court-ordered restraining order or injunction"), for the reasons discussed below, Otsuka has not established a due process violation at this time that would trigger application of the *Crozier* exception.[7]

---

[7] Otsuka also appears to rely on *Crozier* to argue that the § 853(k) bar does not apply because she "is not seeking to intervene . . . in . . . Hirayama's prosecution or to litigate the merits of the criminal forfeiture of Kona Lani Farm."  ECF No. 142-1 at PageID ## 1135-36. Otsuka fails to provide legal authority supporting the argument that her attempted intervention is for a purpose not covered by § 853(k).  Nor does it appear that she could.  *See, e.g.*, *Crozier*, 777 F.2d at 1383 ("Under [§ 853], third parties who are not charged with an offense for which forfeiture is a penalty must await the conviction or acquittal of the defendant before they file

(continued . . . )

## B.    Due Process Analysis

### 1.    *Legal Standard*

The Fifth Amendment provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law."  The amount and quality of process due varies with the particular situation, *see Zinermon v. Burch*, 494 U.S. 113, 127 (1990), but at a minimum, "a person deprived of property [must] be given an opportunity to be heard at a meaningful time and in a meaningful manner." *Buckingham v. Sec'y of U.S. Dep't of Agric.*, 603 F.3d 1073, 1082 (9th Cir. 2010) (quotations and citations omitted).  However, "*no* process is due if one is not *deprived* of life, liberty, or property."  *Kerry v. Din*, 576 U.S. 86, 90 (2015).

Thus, in determining whether Otsuka's due process rights are being infringed, the court must first determine whether Otsuka is being deprived of a protected interest.  *See id.*  Because an individual's property is a protected interest, *see Fuentes v. Shevin*, 407 U.S. 67, 86 (1972), the question here is whether the

---

proceedings to protect their interest in the forfeited property."); *United States v. Cone*, 627 F.3d 1356, 1358 (11th Cir. 2010) ("Section 853 affirmatively bars interference [in a criminal case involving forfeiture] by non-party petitioners outside of the ancillary proceeding described in Section 853(n) and in Federal Rule of Criminal Procedure 32.2(c)."); *Marzouca v. GFG Realty Fund, LLC*, 2012 WL 910010, at *2-3 (D.S.C. Mar. 16, 2012) (dismissing action to foreclose property which was subject to forfeiture in a separate action and on which the Government had filed a notice of *lis pendens* as barred by § 853(k)) (citations omitted).  Thus, to the extent Otsuka relies on *Crozier*, it appears that her argument that § 853(k) does not apply is simply another way of arguing that absent a pretrial hearing regarding the Government's *lis pendens* on Kona Lani Farm, Otsuka's Fifth Amendment due process rights are being infringed.

Otsuka is being deprived of such an interest.  Only if the court concludes that Otsuka's property interest is at stake must it "apply the three-part balancing test established in *Mathews*[,] to determine 'whether a [pretrial] hearing is required and what specific procedures must be employed at that hearing given the particularities of the deprivation,'" *Yagman v. Garcetti*, 852 F.3d 859, 864 (9th Cir. 2017) (quoting *Shinault v. Hawks*, 782 F.3d 1053, 1057 (9th Cir. 2015)).

The *Mathews* factors include: "(1) the private interest affected; (2) the risk of erroneous deprivation through the procedures used, and the value of additional procedural safeguards; and (3) the government's interest, including the burdens of additional procedural requirements." *Id.* (quotation and citation omitted); *see Mathews*, 424 U.S. at 335.

## 2.    *Whether a Lis Pendens Could Deprive Otsuka of a Property Interest*

Otsuka contends that the *lis pendens* "effectively prevents her from alienating or encumbering the property," and thus "operates in exactly the same way a restraining order does."  ECF No. 134 at PageID # 1095.

But many courts have found that a *lis pendens* is not a "restraint" on property and does not "deprive" the property owner of the property.  *See, e.g.*, *United States v. Register*, 182 F.3d 820, 837 (11th Cir. 1999) ("[A] filing of a lis pendens . . . does not constitute a 'seizure' and does not affect property interests to an extent significant enough to implicate the Due Process Clause of the Fifth

Amendment.  Consequently, [plaintiff] was not entitled to a pre-trial hearing on the legitimacy of the government's claim to his property under the criminal forfeiture statute."); *Aronson v. City of Akron*, 116 F.3d 804, 810-12 (6th Cir. 1997) ("The mere filing of an ordinary lien or *lis pendens* notice simply does not represent the sort of 'grievous loss' that necessitates prior notice and an opportunity to be heard.) (citing *Mathews*, 424 U.S. at 333); *United States v. Thomas*, 750 F. App'x 120, 123 (3d Cir. 2018) (explaining that "a *lis pendens* notice is not a restraint" because it does "not prevent the sale of the property"); *United States v. 2121 Celeste Rd. SW*, 189 F. Supp. 3d 1208, 1283 (D.N.M. 2016) ("The . . . filing of a notice [of] lis pendens did not deprive [the third party] of [his property]."); *see also Kirby Forest Indus., Inc. v. United States*, 467 U.S. 1, 15 (1984) (explaining that filing a notice of *lis pendens* does not interfere with a property owner's legal right to transfer property and thus, even if the notice of *lis pendens* impaired the market value of the property, such action does not result in a taking under the Fifth Amendment).

But even though a *lis pendens* is not as legally restrictive as a restraining order, courts have recognized its restrictive effect.  *See, e.g.*, *Register*, 182 F.3d at 836 ("Admittedly notices of lis pendens have the practical effect of impeding an owner's ability to sell property, particularly at its (unrestricted) market value."); *Beefy King Int'l, Inc. v. Veigle*, 464 F.2d 1102, 1104 (5th Cir.

1972) (explaining that "[t]he effect of a lis pendens on the owner of property . . . is constraining" as "it would be virtually impossible to sell or mortgage the property"); *United States v. Hyde*, 287 F. Supp. 2d 1095, 1097-99 (N.D. Cal. 2003) (permitting pretrial motion to modify *lis pendens* to substitute property subject to forfeiture, in part based on recognition that the *lis pendens* was an "effective restraint on alienation").

And although a *lis pendens* generally does not constitute a "deprivation" of property, the October 30 Order recognized, and this court agrees, that "under some circumstances even the recording of a notice of lis pendens might infringe upon the due process rights of a property owner not afforded a hearing." ECF No. 141 at PageID # 1123; *see also Hyde*, 287 F. Supp. 2d at 1099 ("[I]t is possible that under the [*Mathews*] Due Process balancing test applied by the Ninth Circuit in *Crozier*, Due Process could be violated should the instant motion [to modify *lis pendens* to cover substitute property] not be heard on the merits, particularly in view of the effective restraint on alienation and the availability of a less drastic alternative that would preserve the Government's stated interests.").

Thus, the court assumes, without deciding, that the practical restraint on the sale of property subject to a *lis pendens* could, under certain circumstances, constitute a deprivation of property requiring due process. To determine what

process is due under the circumstances of this case, the court proceeds to apply the *Mathews* balancing test.

### 3.      The **Mathews** *Balancing Test*

The purpose of applying the *Mathews* balancing test is to determine whether due process requires a pretrial hearing regarding the parties' interests in Kona Lani Farm, and, if so, what specific procedures must be employed at that hearing, or if instead the statutory scheme is constitutionally adequate.  *See Yagman*, 852 F.3d at 864-65.  Otsuka concedes that *Mathews* provides the appropriate rubric for determining what process is due, but she contends that the October 30 Order erred in applying this rubric in multiple respects.  ECF No. 142-1 at PageID # 1139.

### a.      *The private interest at stake*

As to the first factor, the court must consider to what extent Otsuka's private interest in the property is at stake by delaying an ancillary hearing until the conclusion of  the criminal proceedings against Hirayama.  The October 30 Order determined that Otsuka failed to "establish[] that she has a private interest that will be affected by [the delay]" or that the Government's *lis pendens* "presents an actual or imminent injury to her."  ECF No. 141 at PageID ## 1126-27 (citations and quotation omitted).

In reaching this conclusion, the October 30 Order reasoned that (1) because Koyo's *lis pendens* is still in effect, the Government's *lis pendens* does not further impede a possible sale of Kona Lani Farm; (2) Otsuka did not claim that she wants or needs to sell the property; (3) Otsuka failed to represent or show that she is a bona fide purchaser of Kona Lani Farm, and therefore, could be a "straw owner with no interest of her own at stake"; and (4) as in *Lazarenko*, 476 F.3d at 650, Otsuka's injury is hypothetical or conjectural because it depends on a court determination of who possesses superior right, title, or interest in the property. ECF No. 141 at PageID ## 1125-26.

Otsuka, however, argues that because she is the undisputed "title owner of record," she is not required "at this juncture to establish her bona fides in order to establish an interest [in the property] or standing to intervene." ECF No. 142-1 at PageID # 1139. Rather, she contends that the issue of whether she is a bona fide purchaser is a matter to be determined at the ancillary hearing after the presentation of evidence. *Id.* She further argues that the October 30 Order erred by relying on *Lazarenko* and its distinguishable facts to find that her injury is hypothetical or conjectural. *Id.* The court agrees.

For purposes of this motion and appeal, Otsuka is the owner of title to Kona Lani Farm and therefore has a significant interest in the use and disposition of the property. *See Crozier*, 777 F.2d at 1383 (recognizing that for purposes of

15

*Mathews*, the owners of real property restrained by a restraining order "had significant property interests"). And whether Otsuka is bona fide purchaser and/or has superior rights, title, or interest in the property is irrelevant at this time—those are the very matters to be determined at an ancillary hearing. *See* 21 U.S.C. § 853(n)(2) (providing that the purpose of the ancillary hearing is "to adjudicate the validity of [the third party's] alleged interest in the property"); *id.* § 853(n)(5) (allowing the presentation of "testi[mony] and . . . evidence"). And the argument, based on *Lazarenko*—that Otsuka's injury from a delayed hearing is hypothetical or conjectural because actual injury depends on a judicial determination (following a hearing) that she has superior title to the property—when applied to the facts of this case, is circular and misplaced.

Nevertheless, despite having a significant private interest in the property, the extent to which Otsuka has demonstrated that her interest in the use or sale of the property is at stake by a delayed ancillary hearing is minimal. First, as the October 30 Order noted, nowhere in the briefing on the underlying motion or on appeal does Otsuka suggest that she wishes or needs to sell the property. Second, the fact that a notice of *lis pendens* is filed in a separate action (Koyo) makes it improbable if not impossible that a pretrial hearing in this case could fully restore any potential deprivation to Otsuka's interest in the use or sale of the property. Moreover, as set forth above, even though a *lis pendens* constitutes a

16

practical impediment to the sale of property, it is not a legal barrier and she may use the property whether or not the *lis pendens* remains. *See, e.g.*, *Diaz v. Paterson*, 547 F.3d 88, 98 (2d Cir. 2008) (explaining that the effect of a *lis pendens* is "simply to give notice to the world of the remedy being sought" in a pending lawsuit and that "the owner of the property continues to be able to inhabit and use the property, receive rental income from it, enjoy its privacy, and even alienate it") (citations and quotation omitted).

In short, the extent to which Otsuka has demonstrated a deprivation of her private interest by the delay of an ancillary hearing is minimal.

> b.   *The risk of erroneous deprivation through the procedures used and the probable value of additional procedural safeguards*

As to the second factor, the October 30 Order observes that "if this matter drags on long enough, it is possible that the due process rights of the owner of Kona Lani Farm . . . could be implicated." ECF No. 141 at PageID # 1127. But the October 30 Order relied on two representations from by the Government to find that any risk of deprivation from a delayed hearing is minimal:

> First, the government has repeatedly offered to consider any evidence Otsuka wishes to present to the government that she is, in fact, a bona fide purchaser for value, and to withdraw the notice of lis pendens if it appears that Otsuka would ultimately prevail when and if an ancillary hearing were conducted . . . . Second, the government has represented that if, for any reason, it becomes apparent that no preliminary order of forfeiture will be entered, such as if it turns out that . . . Hirayama cannot

or will not be brought to the United States for
prosecution, it will withdraw its notice of lis pendens.

*Id.*

Otsuka argues that the risk of erroneous deprivation here is significant because "the Government is using an *in personam* criminal forfeiture to attempt to forfeit property which belonged to Kona Lani Farms, LLC and not the defendant Yasuhiro Hirayama."  ECF No. 142-1 at PageID #1140.  She further argues that an ancillary proceeding "will likely never occur."  *Id.*

As to Otsuka's first argument, this appeal is neither the appropriate time nor manner to determine the merits of the Government's allegation of forfeiture as to Kona Lani Farm.  The Government had to show probable cause for the grand jury to include the forfeiture allegation in the indictment.  And although records show that the property was conveyed from Kona Lani Farms, LLC to Otsuka, the court lacks evidence to establish whether any other person or entity has an interest of any sort in the property.  Thus, the appropriate time and place to adjudicate the Government's interest in the property is in an ancillary hearing, after any adjudication of Hirayama's guilt and after the filing of a preliminary order of forfeiture, where the parties may present evidence.  For purposes of this balancing test, it is inappropriate for the court to speculate on the relative merits of either party's claim to the property, especially where another lis pendens has also been filed.

As to Otsuka's second point, the risk of an extended delay is somewhat significant, given the need to extradite Hirayama and the probability that such process will take some time to complete. There is no telling how long it will be until the Government will be able to proceed with its prosecution of Hirayama or make the determination that prosecution cannot or will not proceed. Nevertheless, extradition procedures are pending and as of this date, the delay is not significant.

The Ninth Circuit has found that a sixteen-month delay between the seizure of assets subject to criminal forfeiture and an ancillary hearing did not violate due process. *See Lazarenko* 476 F.3d at 651 (determining that sixteen-month delay between a seizure of assets subject to criminal forfeiture and ancillary hearing did not infringe due process). But the Ninth Circuit has found that a delay of at least five years did. *See Crozier*, 777 F.2d at 1384 (holding that due process was violated where there was a five-year delay, that would likely continue for a few more years, between the issuance of a restraining order and an ancillary hearing).

Similarly, in the civil forfeiture context, courts have found that after nine years, indefinite further delay violated due process, but delays of several years, particularly to allow a criminal prosecution to proceed, did not. *Compare, e.g.*, *Bohn*, 2011 WL 4708799, at *7 (finding that delay of nine years that was

likely to continue indefinitely due to defendants' fugitive status and lack of extradition treaty violated due process) *with United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 567 (9th Cir. 1995) (thirty-month delay did not offend due process); *United States v. Coffman*, 612 F. App'x 278, 290 (6th Cir. 2015) (delay of four and a half years from seizure to hearing did not violate due process where delay was largely due to pending criminal proceedings); *United States v. $307,970.00 in U.S. Currency*, 156 F. Supp. 3d 708, 716, 720 (E.D.N.C. 2016) (four-year delay, caused in part by pending criminal prosecution, did not violate due process); and *United States v. Dean*, 817 F. Supp. 947, 948-49 (M.D. Fla. 1993) (finding five-year delay between filing of *lis pendens* and forfeiture hearings did not violate due process).

Here, the Government filed its notice of *lis pendens* in October 2018, just over two years ago.  And although Hirayama was a fugitive, after the October 30 Order was entered, he has been arrested and extradition proceedings are pending.  *See* ECF No. 144 at PageID # 1148.  Further, Otsuka provides no argument that further delay will impede her ability to establish her claim to the property at a later ancillary hearing.  Nor does she argue that there is any reason not to rely on the Government's representations set forth in the October 30 Order.

Given the changing circumstances, the fact that much longer delays have not violated due process, and the fact that the court cannot speculate on the

relative merits of each party's claims to the property, the court finds this factor to weigh only slightly in favor of a pretrial ancillary hearing.  Should the delay continue much longer or should evidence arise suggesting that prosecution of Hirayama is unlikely, the risk of erroneous deprivation would become much greater.

In sum, the court finds no error in the October 30 Order's analysis as to the second factor.

           c.     *The Government's interest, including the burdens of additional procedural requirements*

The October 30 Order determined that the Government's interest in criminal forfeiture is substantial, ECF No. 141 at PageID # 1129, and Otsuka concedes this point, ECF No. 142-1 at PageID # 1140.

After weighing the *Mathews* factors, the court finds that although narrow portions of the October 30 Order's legal analysis are clearly erroneous or contrary to law, its conclusions are not.

///

///

///

///

///

///

## V. **CONCLUSION**

Based on the foregoing, the court DENIES the Appeal, ECF No. 142, and AFFIRMS the Order Denying Would-Be Claimant Chikako Otsuka's Motion to Intervene, ECF No. 141, as modified, without prejudice to refiling based on a significant change in circumstances.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, January 11, 2021.



 /s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States v. Hirayama*, Cr. No. 16-00749 JMS-RT, Order Denying Chikako Otsuka's Appeal, ECF No. 142, And Affirming as Modified the Order Denying Would-Be Claimant Chikako Otsuka's Motion to Intervene, ECF No. 141